IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RITA J.,[1]                                                           No. 3:19-cv-00426-HZ

                          Plaintiff,                        OPINION & ORDER

        v.

COMMISSIONER, Social Security
Administration,

                          Defendant.

HERNÁNDEZ, District Judge:

        Plaintiff brings this action for judicial review of the Commissioner's final decision

denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social

Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C.

§ 1382(c)(3)). Because the Administrative Law Judge (ALJ) erred by improperly discounting

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of
the non-governmental party or parties in this case. Where applicable, this opinion uses the same
designation for non-governmental party's immediate family members.

Plaintiff's subjective symptom testimony, the Court REVERSES the Commissioner's decision and REMANDS this case for further administrative proceedings.

## BACKGROUND

Plaintiff was born on May 16, 1955 and was fifty-nine years old on April 29, 2015, the alleged disability onset date. Tr. 41, 275.[2] Plaintiff met the insured status requirements of the Social Security Act ("SSA" or "Act") through December 31, 2020. Tr. 17. Plaintiff has at least a high school education and is able to perform past relevant work as a production coordinator, dispatch clerk, mechanical technician, and receptionist. Tr. 24, 76. Plaintiff claims she is disabled based on conditions including chronic heart failure, major joint disfunction, and degenerative disc disease. Tr. 18.

Plaintiff's benefits application was denied initially on June 24, 2015, and upon reconsideration on November 5, 2015. Tr. 128. A hearing was held before Administrative Law Judge Keith Allred on April 5, 2017. Tr. 128. ALJ Allred issued a written decision on September 27, 2017, finding that Plaintiff was not disabled. Tr. 128–38. On December 21, 2017, the Appeals Council reversed and remanded the ALJ's decision. Tr. 144–46. On August 13, 2018, a second hearing was held, this time before ALJ Rudolph Murgo. Tr. 15. On October 23, 2018, ALJ Murgo issued a written decision, again finding that Plaintiff was not disabled. Tr. 15–25. The Appeals Council declined review, rendering ALJ Murgo's decision the Commissioner's final decision. Tr. 1–6.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

---

[2] Citations to "Tr." refer to the administrative trial record filed here as ECF No. 10.

§ 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that, while Plaintiff had engaged in some substantial gainful activity since the alleged disability onset date, there was a "period of approximately one year where the claimant did not have substantial gainful activity." Tr. 17.

At step two, the ALJ determined that Plaintiff had the "following severe impairments: chronic heart failure, major joint dysfunction, degenerative disc disease, and obesity." Tr. 18.

At step three, the ALJ determined that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18–19.

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity (RFC)

> to perform light work . . . except she can lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours and stand and/or walk for 2 hours in an 8-hour workday with normal rest breaks. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, bend, squat, kneel, and crouch. She should never crawl or climb ladders, ropes, or scaffolds. She should have no exposure to extremes of heat or cold, heavy vibrations, hazards, fumes, or other pulmonary irritants.

Tr. 19.

At step four, the ALJ determined that Plaintiff was able to perform past relevant work as "a production coordinator, dispatch clerk, mechanical technician, and receptionist." Tr. 24. Accordingly, the ALJ did not proceed to step five and concluded that Plaintiff was not disabled. Tr. 24–25.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in

the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial

evidence means more than a mere scintilla but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal

quotation marks omitted). Courts consider the record as a whole, including both the evidence that

supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d

1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational

interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal

quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)

("Where the evidence as a whole can support either a grant or a denial, [the court] may not

substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues the ALJ improperly discounted her subjective symptom testimony. The

ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1

(Oct. 25, 2017). Once a claimant shows an underlying impairment and a causal relationship

between the impairment and some level of symptoms, clear and convincing reasons are needed

to reject a claimant's testimony if there is no evidence of malingering. *Carmickle v. Comm'r*, 533

F.3d 1155, 1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering,

"where the record includes objective medical evidence establishing that the claimant suffers from

an impairment that could reasonably produce the symptoms of which he complains, an adverse

credibility finding must be based on clear and convincing reasons" (quotation marks and citation

omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (the ALJ engages in a

two-step analysis for subjective symptom evaluation: First, the ALJ determines whether there is

"objective medical evidence of an underlying impairment which could reasonably be expected to

produce the pain or other symptoms alleged"; and second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." (quotation marks and citations omitted)).

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" and did not identify evidence of malingering. Tr. 23. However, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 23. Specifically, Plaintiff's subjective symptom testimony lacked "sufficient support from objective findings." Tr. 23.

First, the Court agrees with Plaintiff that the ALJ failed to make sufficiently specific findings. While the ALJ summarized the medical evidence, he failed to identify what testimony he found not credible and how the medical evidence undermined that testimony. For example,

while the Court sees reference to treatment notes from 2015, the Court sees no explanation as to how these notes contradict Plaintiff's complaints of fatigue, shortness of breath, back and knee pain, or any other testimony. *See* tr. 20–21.

Even if the ALJ had made sufficiently specific findings, the Court finds the ALJ erred by relying solely on a lack of support from the objective medical evidence. *See* tr. 23 ("As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because they lack sufficient support from objective findings."); tr. 24 ("In sum, the evidence in the record supports the residual functional capacity assessment. Objective findings do not support inability to sustain fulltime work activity. Rather, they suggest the claimant has physical conditions that render him [sic] unsuitable for certain jobs.").

An ALJ may not rely solely on a lack of objective medical evidence to discount a plaintiff's testimony. *Reddick*, 157 F.3d at 722 ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence."). While Defendant argues the ALJ provided alternative reasons to reject Plaintiff's testimony, the Court does not agree. For example, Defendant argues the ALJ "found that [Plaintiff's] reasons for leaving work undermined her allegations." Def. Br. 4. Specifically, Plaintiff "stopped working at the end of 2016, not because she could no longer perform the job, but because she was laid off." *Id.* While an ALJ may reject subjective symptom testimony when the alleged impairment is not the reason a plaintiff stopped working, *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001), the Court sees nothing tying this rationale to Plaintiff's testimony. Rather, the ALJ noted this discrepancy in explaining why he gave "great weight to the DDS opinion of Dr Dennis Koukol." Tr. 24. The Court may not affirm the ALJ on

a ground on which the ALJ did not rely. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).[3]

The ALJ therefore erred in failing to provide specific, clear, and convincing reasons for

discrediting Plaintiff's subjective symptom testimony.

## CONCLUSION

The decision of the Commissioner is reversed and remanded for further administrative

proceedings.[4]


IT IS SO ORDERED.

Dated: _____ May 13, 2020 _____ .



MARCO A. HERNANDEZ
United States District Judge

---

[3] Defendant does not suggest that its remaining arguments—for example, that Plaintiff's testimony is contradicted by her receipt of unemployment benefits and by various medical opinions—were relied on by the ALJ in the first place. These arguments are therefore similarly impermissible.

[4] Plaintiff does not request remand for the immediate payment of benefits.